FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 24, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 2:22-CV-00191-SAB <br><br> **ORDER REVERSING DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by Victoria B. Chhagan. The Commissioner is represented by Jeffrey Staples and Brian M. Donovan. Pending before the Court is Plaintiff's Opening Brief, ECF NO. 10, the Commissioner's Brief, ECF No. 11, and Plaintiff's Reply Brief, ECF No. 12.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision.

**I.    Jurisdiction**

On March 1, 2019, Plaintiff filed an application for Title II disability insurance benefits, with the onset date of January 1, 2017.[1] Plaintiff's application

---

[1] At the hearing, Plaintiff amended the onset date to February 1, 2019.

**ORDER REVERSING DECISION OF COMMISSIONER ~ 1**

was denied initially and on reconsideration. Plaintiff requested a hearing on October 28, 2019. On August 23, 2021, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of his counsel, Timothy W. Anderson. Daniel Mckinney, vocational expert, also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on June 27, 2022. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on August 25, 2022. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work

**ORDER REVERSING DECISION OF COMMISSIONER ~ 2**

done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 3

not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.     Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole,

**ORDER REVERSING DECISION OF COMMISSIONER ~ 4**

weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 45 years old. He worked over 13 years at Walmart, until he quit in 2017, due to his back pain, anxiety, and because of the birth of his daughter and his mother's cancer diagnosis. Plaintiff graduated from high school and earned his Associates Arts degree.

Plaintiff has extreme social phobia and rarely leaves the house. He spends his time reading or playing video games, although he never plays online anymore. Reading helps his anxiety, as well as taking naps, although he mostly reads stories that contain dialogue because he has trouble reading paragraphs. He schedules his appointments in the morning, because if he must wait until the afternoon, his anxiety just increases. He also gets easily distracted and has difficulty focusing, even when he is playing his video games.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 15-32. After reviewing the file, the ALJ found that the requirements of HALLEX 2-5-34, which addresses the use of medical experts, was not met and cancelled the appearance of the medical expert. AR 15. The ALJ also noted that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2022.

At step one, the ALJ found that Plaintiff has not engaged in substantial

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 5

gainful activity since January 17, 2017, the alleged onset date.[2] AR 18.

At step two, the ALJ identified the following severe impairments: generalized anxiety disorder, social anxiety disorder, major depressive disorder, degenerative changes to the lumbar spine, asthma, and obesity. AR 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 19. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> perform light work as defined in 20 CFR 404.1567(b) except he cannot work at a production rate pace, rather, productivity is measured per shift. He can frequently climb ramps, stairs, ladders, ropes and scaffolds, and frequently balance, stoop, kneel, crouch and crawl. He must avoid concentrated exposure to dusts, odors, fumes, and pulmonary irritants. The claimant can perform only jobs that can be learned in thirty days or less and can make only simple work-related decisions. He can tolerate only occasional and superficial contact with co-workers, supervisors, and the general public, and he can tolerate only occasional changes to the work processes and procedures.

AR 21.

At step four, the ALJ found that Plaintiff was not capable of performing past relevant work as an order clerk. AR 26.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform in the national economy, including warehouse checker: garment sorter, and cleaner. Consequently, the ALJ found that Plaintiff was not disabled.

### VI.  Issues

1. Whether the ALJ properly evaluated two medical opinions?
2. Whether the ALJ properly evaluated Plaintiff's symptom testimony?

//

---

[2] The alleged onset date was amended to February 1, 2019.

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 6

## VII. Discussion

Initially, the Court notes that Plaintiff's most debilitating symptom is his inability to leave his house. The ALJ failed to account for this in the RFC. The ALJ apparently believed that Plaintiff was being untruthful when he testified that he experiences extreme anxiety, which is evidenced by increased heart rate, becoming shaky, and difficulty in breathing, and this is triggered when he has to leave the house. Yet, the ALJ presumably agreed that Plaintiff was being truthful about some of his symptoms since it limited Plaintiff to only jobs that can be learned in thirty days or less and can make only simple work-related decisions, which seemingly is contrary for a person who has graduated from high school and obtained an A.A. degree, unless his extreme social phobia, anxiety, and depression affect his ability to perform job requirements. The ALJ's failure to account for Plaintiff's inability to leave his house without severe anxiety is not supported by substantial evidence in the record and therefore was in error.

### 1.  Evaluation of the Medical Opinions

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5). Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 7

Supportability and consistency are further explained in the regulations:

(1) Supportability.

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.

The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

On August 24, 2020, Eric Kammersgard completed a Mental Source Statement, in which he noted that Plaintiff was severely limited in: (1) the ability to work in coordination with or proximity to others without being distracted by them; (2) the ability to complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (3) the ability to travel in unfamiliar places or use public transportation. Mr. Kammersgard found Plaintiff was markedly limited in his ability to: (1) get along with co-workers or peers without distracting them or exhibiting behavioral extremes; (2) maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and (3) respond appropriately to changes in the work setting. Mr. Kammersgard found that Plaintiff had moderate restrictions of activities of daily living; extreme difficulties in maintaining social functioning and marked difficulties in maintaining concentration, persistence or pace. Mr. Kammersgard opined that Plaintiff would have such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause Plaintiff to decompensate. He concluded that Plaintiff would be off-task during a 40-hour week schedule over

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 8

30% of the time and he would miss at least 4 or more days per months.

Mr. Kammersgard stated it was his opinion that Plaintiff suffers from extreme anxiety and social phobia, which would cause him to experience great difficulty in holding down any job.

On February 24, 2021, Mr. Kammersgard and Rebekah Schnellenberg, ARNP completed another Mental Source Statement and made similar conclusions.

The ALJ found these opinions were not persuasive as to any limitations more than at a moderate level for any functional area. The ALJ found that the marked and extreme limitations were not supported by the providers' own treatment notes, despite Plaintiff's statements that he did not like to leave his house and had social phobia. It is not clear what the ALJ meant by this qualifying statement. The ALJ simply dismissed Plaintiff's inability or unwillingness to leave his house, but did not indicate how he would be able to work full-time if he could not leave his house. Instead, the ALJ cited his ability to order things online without difficulty, read all day and play video games. Yet none of these activities translates to full-time work and more importantly, none of these activities goes against Mr. Kammersgard's and Ms. Schnellenberg's conclusions.

The ALJ's finding that these opinions are not persuasive is not supported by substantial evidence. The ALJ failed to appreciate that Mr. Kammersgard and Ms. Schnellenberg were treating Plaintiff and they best understood his limitation. The ALJ failed to account for Plaintiff's difficulty in leaving the house, which is well-documented in the record, and which justify Mr. Kammersgard and Ms. Schnellenberg's conclusions. Plaintiff was engaging in bi-weekly therapy sessions, and his anxiety and depression waxed and waned throughout. What is consistent, however, is Plaintiff's extreme anxiety surrounding leaving his house.

**2. The ALJ's credibility determination**

The ALJ found that Plaintiff's statements about the intensity, persistence and limiting effects of his symptoms were inconsistent because his physical

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 9

impairments were conservatively treated without evidence of exacerbation and his mental impairments showed improvement with medication and counseling.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." Id. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ failed to provide clear and convincing reason for rejecting Plaintiff's symptom testimony. Notably, while Plaintiff initially engaged in physical therapy for his back, his mental impairments did not permit him to continue. Also, the record reflects that when Plaintiff attempted to play with his daughter, his back pain prevented him from doing so except for short periods of time. More importantly, the record does not show that Plaintiff's symptoms improved with medication and counseling. Rather, the record shows that Plaintiff's symptoms waxed and waned, even with him participating in bi-weekly counseling sessions. What is consistent, however, is his severe anxiety when he considered leaving his home.

//

//

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 10

## VIII. Conclusion

Substantial evidence does not support the ALJ's conclusion that Plaintiff is not disabled. The ALJ erred in failing to properly consider the medical opinion evidence and Plaintiff's symptom testimony. As such, the ALJ's RFC assessment does not account for the full extent of Plaintiff's functional limitation and therefore cannot support the ALJ's disability determination. The RFC failed to account for Plaintiff's severe social phobia that prevents him from leaving his house. If the ALJ incorporated this limitation in Plaintiff's RFC, it is clear he would be unable to perform his past work or other jobs in the economy. As such, remand is necessary for an immediate award of benefits from the amended onset date of February 1, 2019.

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Opening Brief, ECF No. 10, and Reply Brief, ECF No. 12, are **GRANTED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 11, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 24th day of April 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 11